UNITED STATES *v.* IGNAZ STRAUSS & CO., INC. (No. 4599)[1]

---

[1] C. A. D. 415.

United States Court of Customs and Patent Appeals, November 7, 1949

*David N. Edelstein*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, special attorney, of counsel), for the United States.
*John D. Rode* for appellee.

[Oral argument October 5, 1949, by Mr. Taylor and Mr. Rode]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL,and JOHNSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

The United States appeals from a judgment of the United States Customs Court, First Division, rendered in accordance with its decision, C. D. 1094 (20 Cust. Ct. 125), sustaining three protests of appellee against the classification by the Collector of Customs at the port of New York of certain imported leather merchandise consisting of miniature boxing gloves, sandals, baseball gloves and huaraches.

The goods were imported from Mexico. They were classified as jewelry and assessed with duties at the rate of 55 per centum ad valorem under paragraph 1527 (a) (2) of the Tariff Act of 1930, as modified by the trade agreement with Mexico, T. D. 50797.

The importer, appellee here, claimed the merchandise to be properly dutiable under paragraph 1531 of said act, as modified by the trade agreement with the United Kingdom, T. D. 49753, at the rate of 25 per centum ad valorem, as manufactures of leather.

The pertinent portions of the paragraphs read as follows:

| PAR. | DESCRIPTION | MODIFIED RATE |
|---|---|---|
| 1527 (a) | Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof): | |
| | (2) All other, of whatever material composed,* * * | 55% ad val. |
| 1531 | * * * manufactures of leather, * * * or of which leather, * * * is the component material of chief value, not specially provided for_____ | 25% ad val. |

The imported articles, representative samples of which are exhibits in evidence, consist of pairs of miniature leather sandals about 1⅜ inches in length tied together at the heel portion thereof with string; miniature boxing gloves, each pair being tied together with lacing tape of the gloves and measuring about 2¾ inches long and 2⅛ inches wide; miniature baseball mitts about 2¾ inches in length to which

are attached a portion of tape; and huaraches a little over one inch in length and tied together with a leather thong. Huaraches according to the dictionary definition are sandals in common use in the West Indies.

Exhibits illustrative of the merchandise handled by the Government witnesses and alleged by them to be similar to the imported merchandise were received in evidence. One exhibit is a card to which are attached seven different articles made of leather and of leather combined with fur. All of those articles are provided with pins for the purpose of fastening them to girls' or women's garments. One of the articles is a crude padded representation of a horse's head with fur pasted thereon as a mane, approximately 3 inches square; another is a grotesque green leather figure of an elephant with an ermine-like fur tail, a white fur ear, a raised trunk, and about 3½ by 2 inches in dimensions; a third is a crude green leather owl-like figure about 4 inches by 1½ inches, the tail of which is fur and on the shoulders thereof are two little wisps of fur seemingly intended to represent small wings and the eyes are made of what appears to be silvered mica and black discs; another is a padded heart-shaped article of brown leather with two long brown fur tails 3 inches long from the upper shoulders thereof and two pearly eyes pasted on black leather discs; the fifth consists of three representations of leather covered books bound together and about 2½ by 1½ inches and which dangle by a leather strip from a short leather cylinder through which the pin protrudes. The other two articles appear to be leather representations of flowers or leaves or buds from 3 to 4 inches long and about 3 inches wide. Another one of the Government exhibits alleged to be similar to the imported merchandise is a pair of padded leather mitts attached to a cross section of leather by two short leather straps, and also another exhibit consisting of two small green leather fur-cuffed representations of mitts fastened together by a metal clip and measuring about 2½ by 1½ inches.

One witness, employed for 22 years by appellee, testified in its behalf to the effect that the imported articles were sold by his firm at wholesale throughout all of the United States exclusively for use in decorating candy and fruit containers and also were sold to the large five-and-ten-cent stores. The witness stated he had seen articles, such as the involved goods, worn by children, but never by adults, on the outside of their clothing.

Five witnesses appeared on behalf of the Government. None of them testified that he had ever dealt in articles identical with the imported merchandise. Four of them were manufacturers of leather novelties and the fifth stated he was in the business of selling novelty jewelry. In substance, the testimony given by the witnesses for the Government was that the articles introduced as Government exhibits

and manufactured by them were jewelry, because, as they stated such articles were sold through jewelry jobbers. Their testimony also was to the effect that anything worn for the purpose of adornment was jewelry.

The issue in the court below and here is whether or not the imported merchandise is commonly or commercially known as jewelry.

The trial court properly observed that the samples of the imported merchandise were potent witnesses and that upon examination they appeared to support the contention of appellee. The trial court further properly observed that under the doctrine announced by this court in the case of *United States* v. *Heinrich Herrmann & Weiss*, 30 C. C. P. A. (Customs) 47, C. A. D. 213, not all leather articles designed to be worn on or about the person are jewelry. In that case we held that certain leather cuff buttons were not properly dutiable as jewelry.

During the course of the trial, the record in the case of *American Import Co.* v. *United States*, Abs. 50875, 16 Cust. Ct. 220, was incorporated in the present record. In that case miniature leather boxing gloves, practically identical with those herein involved, were held properly dutiable as manufactures of leather rather than as jewelry. No appeal was taken from the judgment.

It was stipulated at the trial that the imported merchandise was in chief value of leather. Therefore, the burden of appellee was to establish that the importations were not commonly or commercially known as jewelry. In our opinion that burden was amply sustained. The imported articles are true miniatures of boxing gloves, sandals and huaraches made of braided leather, and baseball gloves. They are true portrayals of such articles in greatly diminished size. The exhibits on behalf of appellant on the contrary, with the possible exception of the padded and the green fur trimmed mitts, are not miniatures of anything, but, even if they were, we do not think that the record establishes that they could in any sense be known as jewelry.

All articles of personal adornment, such as ribbons, flowers, or a feather ornament obviously can not be properly classified as jewelry in a common or commercial sense. *United States* v. *Doragon Co. et al.*, 13 Ct. Cust. Appls. 182, T. D. 41051. If they could be so classified, the war bonnet of an Indian; birds, flowers, or other decorations on women's hats; buttons commonly seen on women's clothes not for any utilitarian purpose or on the sleeves of men's coats; and cloth medallions on suits or gowns would in a tariff sense be considered to be jewelry. Clearly they are not.

Neither is reliance upon the merchandising medium through which articles may be sold always a proper criterion through which to judge their classification. It would seem that under present day mercantile

practices almost everything salable is sold by almost every merchant. It is a matter of common knowledge that food, drink, cigars, confections, hardware and haberdashery are purchased for and sold in drug stores; leather goods in tobacco shops and smoker's articles in haberdasheries.

In view of the oral testimony offered on behalf of appellee together with the nature of the imported articles, it is clear to us that they cannot be properly considered as jewelry in a tariff or any other sense. Such articles must be so ornamental as to be commonly or commercially known as jewelry. *United States* v. *Heinrich Herrmann & Weiss, supra.* Clearly the involved goods are not of that character, but are leather novelties in vogue for the reason that they respond to whim or fancy.

For the reasons hereinbefore set out, the judgment appealed from is *affirmed*.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.